■ In the Matter of RICKY BB, a Person Alleged to be in Need of Supervision, Respondent.—Appeal from an order of the Family Court, entered May 10, 1976 in St. Lawrence County, which found respondent to be a Person in Need of Supervision, and placed him with the New York State Division of Youth at Tryon located at Johnstown, New York, for a period of 18 months. Determination of this appeal was withheld and the matter was remitted to the Family Court for the purpose of setting forth the facts upon which it based its finding that respondent was a Person in Need of Supervision (*Matter of Ricky BB*, 55 AD2d 800). Adequate findings have now been formulated, as required by section 752 of the Family Court Act. We have examined respondent's contentions that he was denied due process, and that placing him with the Division of Youth was an improper disposition of his case, and find no merit to such contentions. Order affirmed, without costs. Koreman, P. J., Mahoney, Main, Larkin and Herlihy, JJ., concur.

■ DOMINION MORTGAGE & REALTY TRUST, Respondent, v HUDO REALTY CORP. et al., Defendants, and DONALD C. WIGGAND et al., Appellants.—Appeal from an order of the Supreme Court at Special Term, entered May 26, 1976 in Albany County, which denied a motion by appellants for summary judgment dismissing the complaint against them. Order affirmed, with costs to plaintiff, on the opinion of Hughes, J., at Special Term. Greenblott, J. P., Sweeney, Main, Larkin and Herlihy, JJ., concur.

■ CENTRAL HUDSON GAS & ELECTRIC CORPORATION, Appellant, v HENRY KASSAY, Respondent.—Appeal from an order of the Supreme Court at Special Term, entered May 19, 1976 in Greene County, which confirmed a report of commissioners of appraisal. As found by Special Term, the record contains evidence to support the finding of the commissioners as to the award for direct and consequential damages to the condemned premises of the defendant. However, the finding of the commissioners that other property of the defendant was damaged in the sum of $1,000 is without any support in the record and was error as a matter of law. Order modified, on the law, by reducing the award from $8,471.25 to $7,471.25, and, as so modified, affirmed, without costs. Settle order on notice. Greenblott, J. P., Sweeney, Main, Larkin and Herlihy, JJ., concur.